# Exhibit
# A

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

JANET HILL

    Plaintiff,

    v.

PHOENIX LIFE INSURANCE CO., f/k/a
PHOENIX HOME LIFE MUTUAL LIFE
INSURANCE CO., HENDERSON
GLOBAL INVESTORS (NORTH
AMERICA), INC. d/b/a STONEMILL
APARTMENTS and ZOM RESIDENTIAL
SERVICES, INC. d/b/a STONEMILL
APARTMENTS,

    Defendants.

Civil Action File No.

2006CV115414

## SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon Plaintiff's attorney, whose name and address is:

**Fred P. Anthony, Esq.**
**McMAHAN LAW FIRM**
**5955 Jimmy Carter Blvd., Suite 120**
**Norcross, GA 30071**
**(770) 416-1501**

and answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 24 day of April, 2006.

Clerk of Superior Court

BY _____

Deputy Clerk

PROCESS RECEIVED:    5/10/2006  3:3?:?0PM
RETURN DAYS:    30
RETURN DATE:
SHOW CAUSE DATE:
WRIT #:    254804 -
CIV-OUT OF STATE FEE

**Orange County Sheriffs Office**
**Return of Service**

SERVE TO:    ZOM RESIDENTIAL SERVICES INC. DBA
STONEMILL APTS.

CASE:    2006CV115646
COURT:
COUNTY:    FULTON

HOME ADDRESS:

***** DO NOT POST

BUSINESS ADDRESS:    1950 SUMMIT PARK DR  SUITE 300
ORLANDO, FL 32810

MAIL TO:    MCMAHAN LAW FIRM
5955 JIMMY CARTER BLVD. STE. 120
NORCROSS, GA. 30071

SERVICE INFORMATION: (407) 836-4570 (9AM - 1PM)

PLAINTIFF:  JANET HILL
DEFENDANT:  PHOENIX LIFE INS. CO, FKA PHOENIX HOME LIFE MUTUAL
TOTAL AMOUNT DUE:    $ 0.00            Daily Interest:    $ 0.00

| | |
|---|---|
| SERVER: | CO15 |
| ENTERED BY: | NC |
| FEE CODE: | 74 |
| Fee/Xfee: | $ 35.00 |
| WITNESS FEE: | $ 0.00 |
| OVERPAYMENT: | $ 0.00 |
| LEVY DEPOSIT: | $ 0.00 |

RVED THIS PROCESS AT ___1 18/___, ON ___5-11-0?___ IN ORANGE COUNTY, FLORIDA, BY:

☐ INDIVIDUAL SERVICE: By delivering to the within named individual a true copy of this process, with any attachments provided, and informing the individual of their contents.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process, with any attachments provided, and informing the individual of their contents, at the within named person's usual place of abode with a resident fifteen years of age or older to wit :

_____         _____
                Name                                              Relationship

☒ CORPORATE SERVICE: By delivering a true copy of this process, with any attachments provided, to :

_____ Kristi Tilton _____                    _____ E.A. to CEO _____,
                Name                                              Title

as President, Vice President, or other head of the corporation; or in their absence, the cashier, treasurer, secretary, or general manager; or in their absence, any officer or business agent residing in the state; or the registered agent; or an employee at the corporation's place

☐ POSTED SERVICE: By attaching a copy of this process, with a copy of any attachments provided, to a conspicuous place on the property described within. Neither the tenant(s) nor a resident 15 years old or older could be found a the tenant's usual place of residence, after 2 attempts, at least 6 hours apart.

☐ OTHER: By delivering a true copy of this process, with any attachments provided, to

_____ , as _____.

☐ NON-SERVICE: And hereby return same unserved on: _____(date) for the reason that after diligent search and inquiry, the within named could not be found in Orange County, Florida, or for reasons specified below :

EXPLANATION

**SERVICE ATTEMPTS**

| Date/Time |
|---|
| |
| |
| |
| |

**SHERIFF OF ORANGE COUNTY, FLORIDA**

_____
RECEIVED BY

OFFICER                    ID #

## AFFIDAVIT OF SERVICE

STATE OF _FL_

COUNTY OF _ORANGE_

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to

administer oaths, came _____, who, after first being duly sworn,

on oath deposes and says:

My name is _S. Cody_ 1. _C PO_. I am a Sheriff/Deputy Sheriff

duly authorized by the laws to the State of Florida to serve process.

2.

I have served a copy of the Complaint and Summons upon the Defendant, ZOM Residential
Services d/b/a Stonemill Apartments, by

handling same personally to _Kristi    Tilton    EA To C E,_ on the

_11_ of _MAY_ at the following address: _1950 Summit_
(Day)    (Month)

_Park Dr    Suite 300_

AND FURTHER AFFIANT SAITH NOT.

_S Cody C P.O._
Sheriff/Deputy Sheriff

Sworn to and subscribed before

me on this the _17th_ day of

_MAY_    2006.

_Lianne A. Burden_
NOTARY PUBLIC

My Commission Expires: _3/14/2010_

DIANA A. BURDEN
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD528480
EXPIRES 3/14/2010
BONDED THRU 1-888-NOTARY1



**Office of the Sheriff**

MICHAEL P. WALSH
Sheriff

Louis L. Redding City/County Bldg.
800 N. French Street
Wilmington, DE 19801

(302)395-8450

## AFFIDAVIT OF SERVICE

**STATE OF DELAWARE)**
                    ) SS
**NEW CASTLE COUNTY)**

**Re:    JANET HILL VS. PHOENIX LIFE INSURANCE CO F/K/A
PHOENIX HOME LIFE MUTUAL LIFE INSURANCE CO ET AL
Civil Action No. 2006CV115646OSW**

Scott Phillips, being duly sworn, deposes that he/she is a Deputy Sheriff and avers that he/she served upon and left personally upon **SCOTT LA SCALA, SERVICE OF PROCESS OF THE CORPORATION TRUST COMPANY, REGISTERED AGENT FOR HENDERSON GLOBAL INVESTORS NORTH AMERICA. AT:** 1209 Orange Street, Wilmington, Delaware on 5/12/2006 at 11:30AM a copy of Out of State Summons and Complaint.

The Deponent further avers that he/she knew the person so served to be the same person as mentioned in the Out of State document.

**DEPUTY SHERIFF
NEW CASTLE COUNTY**

**STATE OF DELAWARE)**
                    ) SS
**NEW CASTLE COUNTY)**

**BE IT REMEMBERED** that on May 16, 2006 personally came before me, the Subscriber, a Notary Public of the State of Delaware, Scott Phillips, a Deputy Sheriff of New Castle County and State of Delaware, and stated that the facts stated above are true and correct.

**SWORN AND SUBSCRIBED** before me, the date and year aforesaid.

**Notary Public**

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process
Transmittal**
05/01/2006
Log Number 511121970

TO:     Kristin Rice
        Henderson Global Investors (North America) Inc.
        737 North Michigan Avenue, Suite 1950
        Chicago, IL, 60611-

RE:     **Process Served in Delaware**

FOR:    Henderson Global Investors (North America) Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Janet Hill, Ptf. vs. Phoenix Life Insurance Co. f/k/a Phoenix Home Life Mutual Life Insurance Co. et. al. Including Henerson Global Investors (North America) Inc. d/b/a Stonemill Apartments, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint and Exhibit |
| COURT/AGENCY: | Fulton County Superior Court of Georgia, GA Case # 2006CV115646 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition - May 29, 2004 |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, Wilmington, DE |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 05/01/2006 postmarked on 04/27/2006 |
| APPEARANCE OR ANSWER DUE: | Within 30 days |
| ATTORNEY(S) / SENDER(S): | Fred P. Anthony McMahan Law Firm 5965 Jimmy Carter Boulevard Suite 120 Norcross, GA, 30071 770-416-1301 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 790905343391 |
| SIGNED: PER: ADDRESS: | The Corporation Trust Company Scott LaScala 1209 Orange Street Wilmington, DE, 19801 |
| TELEPHONE: | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

MAY-04-2006 10:21    HENDERSON ACCT

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

APR 2 4 2006

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA.

JANET HILL, )
)
     Plaintiff, )
)
v. )
)
PHOENIX LIFE INSURANCE CO., f/k/a )
PHOENIX HOME LIFE MUTUAL LIFE )
INSURANCE CO., HENDERSON )
GLOBAL INVESTORS (NORTH )
AMERICA), INC. d/b/a STONEMILL )
APARTMENTS and ZOM RESIDENTIAL )
SERVICES, INC. d/b/a STONEMILL )
APARTMENTS, )
)
     Defendants. )

Civil Action File No.

2006 CV 115646

## COMPLAINT FOR DAMAGES

COMES NOW, JANET HILL, Plaintiff in the above-styled matter, and respectfully submits this her Complaint against the above-named Defendants and shows the Court the following:

1.

Plaintiff JANET HILL is a resident of Hamilton County, Tennessee and is subject to the jurisdiction of this court by virtue of filing this lawsuit.

2.

Defendant PHOENIX LIFE INSURANCE CO. f/k/a PHEONIX HOME LIFE MUTUAL INSURANCE CO. (hereinafter, "PHOENIX" or collectively "Defendants") is a foreign corporation registered with the Georgia Secretary of State to transact business in the state of Georgia, which, upon information and belief, owned the property known as Stone Mill

Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia at all times pertinent to the events set forth in this Complaint. Said Defendant is subject to the jurisdiction and venue of this Court.

3.

Defendant PHOENIX's registered agent for service of process is CT Corporation System, and may be served at 1201 Peachtree NE, Atlanta, Fulton County, Georgia 30361.

4.

Defendant HENDERSON GLOBAL INVESTORS, (hereafter "Henderson" or collectively "Defendants") is a corporation incorporated under the laws of the State of Delaware. Upon information and belief, Defendant Henderson owned and/or operated an apartment complex known as Stone Mill Apartments located 2575 Delk Road, Marietta, Cobb County, Georgia at all times pertinent to the events set forth in this Complaint. Said Defendant is subject to the jurisdiction and venue of this Court.

5.

Defendant Henderson's registered agent for service of process is The Corporation Trust Company, and may be served at 1209 Orange Street, Wilmington, New Castle County, Delware 19801.

6.

Defendant Henderson is subject to the jurisdiction and venue of this court by virtue of its business conducted within the State of Georgia and by virtue of the Georgia Long Arm Statute.

7.

Defendant ZOM RESIDENTIAL SERVICES, INC., (hereinafter "ZOM" or collectively "Defendants") is a corporation incorporated under the laws of the State of Florida. Upon

information and belief, Defendant ZOM owned and/or operated and managed an apartment

complex known as Stone Mill Apartments located 2575 Delk Road, Marietta, Cobb County,

Georgia, at all times pertinent to the events set forth in this Complaint.

8.

Defendant ZOM's registered agent for service of process is ZOM Development, Inc., and

may be served at 1950 Summit Park Drive, Ste. 300, Orlando, Orange County, Florida 32810.

9.

Defendant ZOM is subject to the jurisdiction and venue of this court by virtue of its

business conduct within the State of Georgia and by virtue of the Georgia Long Arm Statute.

10.

At the time of the incident set forth herein, and for a period of time previously,

Defendants knew, or should have known, that a portion of the edge of one of the concrete blocks

on a front sidewalk leading from the roadway to the individual housing units had broken off and

the ground had eroded leaving a hole, thereby creating a hazardous and dangerous condition to

invitees, like the Plaintiff, using the sidewalk.

11.

In addition, at the time of the incident set forth herein, and for a period of time

previously, Defendants knew, or should have known, that during periods of rain, water would

accumulate on the sidewalk and actually cover the sidewalk and/or camouflage the broken

sidewalk and depth of the hole in the sidewalk.

12.

The Defendants, as owners and/or occupiers of the subject apartment complex where this

incident occurred, owed a duty to invitees, like the Plaintiff, to exercise reasonable case in

13.

On Saturday, May 29, 2004, at approximately 6 a.m., while it was still dark outside, Ms.

Hill went to the Stone Mill of East Cobb Apartments located at 2575 Delk Road in Marietta, GA

to pick up her sister to leave for a family vacation to Orlando, Florida. Ms. Hill had never been

to her sister's apartment prior to this date. The vehicle in which Ms. Hill was riding pulled up to

the front of the apartment complex and Ms. Hill disembarked from the vehicle and proceeded

toward her sister's apartment. As Ms. Hill returned to her vehicle, which had moved to a

different location from where she disembarked, she stepped onto the sidewalk. The sidewalk

was covered by rainwater, and she fell into a hole created by a collapsed section of the sidewalk.

Ms. Hill's left foot fell into the hole and caused her to fall. As a result of her fall, she fractured

her left foot.

14.

While walking, in the rainy weather, Ms. Hill maintained reasonable diligence in

watching where she was walking. She was traveling on the designated sidewalk and fell into the

sidewalk due to its condition of disrepair. In falling, she was thrown forcefully onto and against

the ground, incurring injuries.

15.

As a result of this trip and fall, Plaintiff suffered serious and disabling personal injuries to

her body, including a fracture to her left fifth metatarsal.

16.

As a further result of said fall and the resulting injuries, Plaintiff has incurred reasonable

and necessary medical expenses for the treatment of her injuries, and will continue to incur

medical expenses in the future. See Exhibit "A".

17.

A proximate cause of the injuries and damages sustained by Plaintiff was the negligence

of the Defendants in failing to discharge their responsibilities to maintain said premises,

including the sidewalks on its grounds, in a safe condition, including, but not limited to:

a)    failing to properly maintain and fix the subject portion of the sidewalk, given its
      state of disrepair and the hazard it posed to invitees like Plaintiff;

b)    failing to warn invitees like Plaintiff in any way whatsoever of an unsafe
      condition on their sidewalks;

c)    failing to maintain proper drainage to ensure visibility and safe travel on the
      designated sidewalks; and

d)    Defendants were otherwise negligent.

18.

The serious and debilitating injuries and damages sustained by Plaintiff were proximately

caused by the negligent acts of the Defendants referenced above.

19.

At all times pertinent hereto, Defendants, and their agents and employees, had superior

knowledge to that of the Plaintiff of the unsafe condition of its premises.  At all times prior to her

fall, the defective condition of the sidewalk was unknown to the Plaintiff.

WHEREFORE, Plaintiff prays for the issuance and service of summons in terms of law;

that she have trial by jury; and that she have judgment against Defendants in an amount to be

determined by the enlightened conscience of an impartial jury; and such further relief as to which

she may be entitled, together with the costs of this action.

SUBMITTED this the 19th day of April, 2006.

McMahan Law Firm
Attorneys for Plaintiffs

_Fred P. Anthony_

Fred P. Anthony, Esq.
Georgia Bar No. 020568
Shilpa S. Masih, Esq.
Georgia Bar No. 475495
5955 Jimmy Carter Boulevard, Suite 120
Norcross, Georgia 30071
(770) 416-1501
(770) 416-1605 (fax)

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANET HILL, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | CIVIL ACTION FILE |
| v. | )( | |
| | )( | NO.  2006-CV-115646 |
| PHOENIX LIFE INSURANCE CO., f/k/a | )( | |
| PHOENIX HOME LIFE MUTUAL LIFE | )( | |
| INSURANCE CO., HENDERSON | )( | |
| GLOBAL INVESTORS, (NORTH | )( | |
| AMERICA), INC. d/b/a STONEMILL | )( | |
| APARTMENTS and ZOM RESIDENTIAL | )( | |
| SERVICES, INC. d/b/a STONEMILL | )( | |
| APARTMENTS, | )( | |
| | )( | |
| Defendants. | )( | |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### PHOENIX LIFE INSURANCE COMPANY

**COMES NOW** PHOENIX LIFE INSURANCE COMPANY, f/k/a

PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY (hereinafter also

referred to as "Phoenix Life") and files this Answer and Defenses to Plaintiff's

Complaint For Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief can be

granted.

### SECOND DEFENSE

Plaintiff may have assumed the risk of any injuries she allegedly sustained

and, if so, Plaintiff may not recover against Phoenix Life.

## THIRD DEFENSE

Phoenix Life breached no duty owed to Plaintiff and Plaintiff may not, therefore, recover any sums from Phoenix Life.

## FOURTH DEFENSE

At all times concerning the occurrence giving rise to this action, Plaintiff may not have been exercising ordinary care for her own safety, and, thus, Plaintiff may not be entitled to recover damages against Phoenix Life.

## FIFTH DEFENSE

If anyone was negligent, and Phoenix Life expressly denies that it was negligent in any respect whatsoever, Plaintiff may have been contributorily or comparatively negligent in a degree equal to or greater than any other alleged negligence, and, if so, Plaintiff is not entitled to recover anything from Phoenix Life.

## SIXTH DEFENSE

If anyone was negligent, and Phoenix Life expressly denies that it was negligent in any respect whatsoever, Plaintiff, in the exercise of ordinary care for her own safety, could and should have avoided the consequences of any such alleged negligence, and, therefore, Plaintiff is not entitled to recover anything.

## SEVENTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff allegedly sustained was due to the negligence of some person, persons, or

- 2 -

entity other than Phoenix Life and, therefore, Plaintiff is not entitled to recover anything from Phoenix Life.

## EIGHTH DEFENSE

The sole proximate cause of any injury or damage Plaintiff allegedly sustained may have been Plaintiff's own negligence.

## NINTH DEFENSE

No act or omission on the part of Phoenix Life caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Phoenix Life.

## TENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Phoenix Life responds as follows:

1.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 1 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

2.

Phoenix Life admits it is a foreign corporation registered with the Georgia Secretary of State to transact business in the State of Georgia. Phoenix Life admits, on May 29, 2004, it owned the property at 2575 Delk Road, Marietta,

- 3 -

Cobb County, Georgia, where the Stonemill Apartments were located. Phoenix Life admits it is subject to the jurisdiction and venue of this Court.

3.

Phoenix Life admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Phoenix Life denies, on May 29, 2004, Defendant Henderson owned and/or operated an apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 4 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

5.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 5 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

6.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 6 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

- 4 -

7.

Phoenix Life denies Defendant ZOM Residential Services, Inc., on May 29, 2004, owned the apartment complex known as Stonemill Apartments, located at 2575 Delk Road, Marietta, Cobb County, Georgia. Phoenix Life admits Defendant ZOM, on May 29, 2004, operated and managed the apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 7 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

8.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 8 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

9.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 9 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

10.

Phoenix Life denies as alleged the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Phoenix Life denies as alleged the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Phoenix Life denies as alleged the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 13 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

14.

Phoenix Life denies as alleged the allegation in Paragraph 14 of Plaintiff's Complaint that she was traveling on the designated sidewalk and fell into the sidewalk due to its condition of disrepair. Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

- 6 -

15.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same.

16.

Phoenix Life is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 16 of Plaintiff's Complaint, and, therefore, at this time, Phoenix Life can neither admit nor deny same. The copy of Plaintiff's Complaint in the possession of Phoenix Life does not have an Exhibit "A" as is referred to in Paragraph 16 of Plaintiff's Complaint.

17.

Phoenix Life denies the allegations in Paragraph 17 of Plaintiff's Complaint, including subparagraphs "a" through "d".

18.

Phoenix Life denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Phoenix Life denies it had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Upon information and belief, Phoenix Life denies the other Defendants had

- 7 -

superior knowledge to Plaintiff regarding the alleged property condition which
allegedly caused Plaintiff to be injured in May 2004. Phoenix Life is presently
without sufficient knowledge or information to form a belief as to the truthfulness
of the allegation in Paragraph 19 of Plaintiff's Complaint that the alleged
condition was unknown to Plaintiff. Phoenix Life denies as alleged the remaining
allegations in Paragraph 19 of Plaintiff's Complaint.

Phoenix Life denies Phoenix Life should be responsible for any of the relief
requested in the "**WHEREFORE**" clause of Plaintiff's Complaint. All
allegations of the Complaint not already expressly admitted, denied, or neither
admitted nor denied based upon lack of information, are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Phoenix Life
prays that it be discharged without liability and all costs of this action be cast upon
Plaintiff. PHOENIX LIFE DEMANDS A TWELVE PERSON JURY TRIAL for
all issues appropriate for a jury to resolve.

This __26th__ day of May 2006.

SWIFT, CURRIE, McGHEE & HIERS, LLP

BY:

Bradley S. Wolff
Georgia State Bar No. 773388
Scott M. Williamson
Georgia State Bar No. 764249
Attorneys for Defendants

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
Telephone: (404) 874-8800

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF PHOENIX LIFE INSURANCE COMPANY** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Fred P. Anthony, Esq.
Shilpa S. Masih, Esq.
5955 Jimmy Carter Boulevard – Suite 120
Norcross, GA 30071

This 26th day of May 2006.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

By: [signature]
SCOTT M. WILLIAMSON
Georgia State Bar No. 764249
Attorney for ***Defendant Phoenix Life Insurance Co.***

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
scott.williamson@swiftcurrie.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JANET HILL, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | CIVIL ACTION FILE |
| v. | )( | |
| | )( | NO. 2006-CV-115646 |
| | )( | |
| PHOENIX LIFE INSURANCE CO., f/k/a | )( | |
| PHOENIX HOME LIFE MUTUAL LIFE | )( | |
| INSURANCE CO., HENDERSON | )( | |
| GLOBAL INVESTORS, (NORTH | )( | |
| AMERICA), INC. d/b/a STONEMILL | )( | |
| APARTMENTS and ZOM RESIDENTIAL | )( | |
| SERVICES, INC. d/b/a STONEMILL | )( | |
| APARTMENTS, | )( | |
| | )( | |
| Defendants. | )( | |

ANSWER AND AFFIRMATIVE DEFENSES OF
HENDERSON GLOBAL INVESTORS (NORTH AMERICA) INC.

COMES NOW HENDERSON GLOBAL INVESTORS (NORTH AMERICA)

INC. (incorrectly identified in the style of this case as "d/b/a Stonemill Apartments" and

hereinafter also referred to as "Henderson Global Investors") and files this Answer and

Defenses to Plaintiff's Complaint For Damages ("Complaint"), showing the Court as

follows:

FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff may have assumed the risk of any injuries she allegedly sustained and, if

so, Plaintiff may not recover against Henderson Global Investors.

## THIRD DEFENSE

Henderson Global Investors breached no duty owed to Plaintiff and Plaintiff may not, therefore, recover any sums from Henderson Global Investors.

## FOURTH DEFENSE

At all times concerning the occurrence giving rise to this action, Plaintiff may not have been exercising ordinary care for her own safety, and, thus, Plaintiff may not be entitled to recover damages against Henderson Global Investors.

## FIFTH DEFENSE

If anyone was negligent, and Henderson Global Investors expressly denies that it was negligent in any respect whatsoever, Plaintiff may have been contributorily or comparatively negligent in a degree equal to or greater than any other alleged negligence, and, if so, Plaintiff is not entitled to recover anything from Henderson Global Investors.

## SIXTH DEFENSE

If anyone was negligent, and Henderson Global Investors expressly denies that it was negligent in any respect whatsoever, Plaintiff, in the exercise of ordinary care for her own safety, could and should have avoided the consequences of any such alleged negligence, and, therefore, Plaintiff is not entitled to recover anything.

## SEVENTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff allegedly sustained was due to the negligence of some person, persons, or entity other than Henderson Global Investors and, therefore, Plaintiff is not entitled to recover anything from Henderson Global Investors.

- 2 -

## EIGHTH DEFENSE

The sole proximate cause of any injury or damage Plaintiff allegedly sustained may have been Plaintiff's own negligence.

## NINTH DEFENSE

No act or omission on the part of Henderson Global Investors caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Henderson Global Investors.

## TENTH DEFENSE

Henderson Global Investors raises the defenses of insufficiency of service of process, improper venue, and lack of jurisdiction over the person.

## ELEVENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Henderson Global Investors responds as follows:

1.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 1 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

2.

Upon information and belief, Henderson Global Investors admits, on May 29, 2004, Phoenix Life Insurance Company owned the property at 2575 Delk Road, Marietta, Cobb County, Georgia, where the Stonemill Apartments were located. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to

- 3 -

the truthfulness of the remaining allegations in Paragraph 2 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

3.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 3 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

4.

Henderson Global Investors admits it is a corporation incorporated under the laws of the state of Delaware. Henderson Global Investors denies, on May 29, 2004, it owned and/or operated an apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors denies it is subject to the jurisdiction and venue of this Court.

5.

Henderson Global Investors admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

Henderson Global Investors denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.

Henderson Global Investors denies Defendant ZOM Residential Services, Inc., on May 29, 2004, owned the apartment complex known as Stonemill Apartments, located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors admits

- 4 -

Defendant ZOM Residential Services, Inc., on May 29, 2004, operated and managed the apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 7 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

8.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 8 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

9.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 9 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

10.

Henderson Global Investors denies as alleged the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Henderson Global Investors denies as alleged the allegations in Paragraph 11 of Plaintiff's Complaint.

- 5 -

12.

Henderson Global Investors denies it owned or occupied the subject apartment complex where the alleged incident occurred. Henderson Global Investors denies as alleged the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 13 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

14.

Henderson Global Investors denies as alleged the allegation in Paragraph 14 of Plaintiff's Complaint that she was traveling on the designated sidewalk and fell into the sidewalk due to its condition of disrepair. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

15.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

- 6 -

16.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 16 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same. The copy of Plaintiff's Complaint in the possession of Henderson Global Investors does not have an Exhibit "A" as is referred to in Paragraph 16 of Plaintiff's Complaint.

17.

Henderson Global Investors denies the allegations in Paragraph 17 of Plaintiff's Complaint, including subparagraphs "a" through "d".

18.

Henderson Global Investors denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Henderson Global Investors denies it had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Upon information and belief, Henderson Global Investors denies the other Defendants had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Henderson Global Investors is presently without sufficient knowledge or information to form a belief as to the truthfulness of the allegation in Paragraph 19 of Plaintiff's Complaint that the alleged condition was unknown to Plaintiff. Henderson Global Investors denies as alleged the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

- 7 -

Henderson Global Investors denies Henderson Global Investors should be responsible for any of the relief requested in the "**WHEREFORE**" clause of Plaintiff's Complaint. All allegations of the Complaint not already expressly admitted, denied, or neither admitted nor denied based upon lack of information, are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Henderson Global Investors prays that it be discharged without liability and all costs of this action be cast upon Plaintiff. HENDERSON GLOBAL INVESTORS DEMANDS A TWELVE PERSON JURY TRIAL for all issues appropriate for a jury to resolve.

This _____ 26th _____ day of May 2006.

                                        SWIFT, CURRIE, McGHEE & HIERS, LLP

                              By:       _____
                                        BRADLEY S. WOLFF
                                        Georgia State Bar No. 773388
                                        SCOTT M. WILLIAMSON
                                        Georgia State Bar No. 764249
                                        Attorneys for **Defendant**
                                        **Henderson Global Investors (North America), Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Scott.williamson@swiftcurrie.com

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

## ANSWER AND AFFIRMATIVE DEFENSES OF HENDERSON GLOBAL

**INVESTORS** upon all parties to this matter by depositing a true copy of same in the U.

S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Fred P. Anthony, Esq.
Shilpa S. Masih, Esq.
5955 Jimmy Carter Boulevard – Suite 120
Norcross, GA 30071

This _26th_ day of May 2006.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

By: _____

SCOTT M. WILLIAMSON
Georgia State Bar No. 764249
Attorney for *Defendant*
**Henderson Global Investors (North
America), Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
scott.williamson@swiftcurrie.com

1627773v.1

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANET HILL, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | CIVIL ACTION FILE |
| v. | )( | |
| | )( | NO. 2006-CV-115646 |
| PHOENIX LIFE INSURANCE CO., f/k/a | )( | |
| PHOENIX HOME LIFE MUTUAL LIFE | )( | |
| INSURANCE CO., HENDERSON | )( | |
| GLOBAL INVESTORS, (NORTH | )( | |
| AMERICA), INC. d/b/a STONEMILL | )( | |
| APARTMENTS and ZOM RESIDENTIAL | )( | |
| SERVICES, INC. d/b/a STONEMILL | )( | |
| APARTMENTS, | )( | |
| | )( | |
| Defendants. | )( | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## ZOM RESIDENTIAL SERVICES, INC.

**COMES NOW** ZOM RESIDENTIAL SERVICES INC. (incorrectly

identified in the style of this case as "d/b/a Stonemill Apartments" and hereinafter

also referred to as "ZOM Residential Services") and files this Answer and

Defenses to Plaintiff's Complaint For Damages ("Complaint"), showing the Court

as follows:

## FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief can be

granted.

## SECOND DEFENSE

Plaintiff may have assumed the risk of any injuries she allegedly sustained and, if so, Plaintiff may not recover against ZOM Residential Services.

## THIRD DEFENSE

ZOM Residential Services breached no duty owed to Plaintiff and Plaintiff may not, therefore, recover any sums from ZOM Residential Services.

## FOURTH DEFENSE

At all times concerning the occurrence giving rise to this action, Plaintiff may not have been exercising ordinary care for her own safety, and, thus, Plaintiff may not be entitled to recover damages against ZOM Residential Services.

## FIFTH DEFENSE

If anyone was negligent, and ZOM Residential Services expressly denies that it was negligent in any respect whatsoever, Plaintiff may have been contributorily or comparatively negligent in a degree equal to or greater than any other alleged negligence, and, if so, Plaintiff is not entitled to recover anything from ZOM Residential Services.

## SIXTH DEFENSE

If anyone was negligent, and ZOM Residential Services expressly denies that it was negligent in any respect whatsoever, Plaintiff, in the exercise of ordinary care for her own safety, could and should have avoided the consequences

- 2 -

of any such alleged negligence, and, therefore, Plaintiff is not entitled to recover anything.

## SEVENTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff allegedly sustained was due to the negligence of some person, persons, or entity other than ZOM Residential Services and, therefore, Plaintiff is not entitled to recover anything from ZOM Residential Services.

## EIGHTH DEFENSE

The sole proximate cause of any injury or damage Plaintiff allegedly sustained may have been Plaintiff's own negligence.

## NINTH DEFENSE

No act or omission on the part of ZOM Residential Services caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from ZOM Residential Services.

## TENTH DEFENSE

ZOM Residential Services raises the defenses of insufficiency of service of process, improper venue, and lack of jurisdiction over the person.

## ELEVENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, ZOM Residential Services responds as follows:

1.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 1 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

2.

Upon information and belief, ZOM Residential Services admits, on May 29, 2004, Phoenix Life Insurance Company owned the property at 2575 Delk Road, Marietta, Cobb County, Georgia, where the Stonemill Apartments were located. ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 2 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

3.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 3 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

- 4 -

4.

ZOM Residential Services denies as alleged, on May 29, 2004, Defendant Henderson operated an apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 4 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

5.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 5 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

6.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 6 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

7.

ZOM Residential Services denies ZOM Residential Services, on May 29, 2004, owned the apartment complex known as Stonemill Apartments, located at

- 5 -

2575 Delk Road, Marietta, Cobb County, Georgia. ZOM Residential Services

admits ZOM Residential Services, Inc., on May 29, 2004, operated and managed

the apartment complex known as Stonemill Apartments located at 2575 Delk

Road, Marietta, Cobb County, Georgia. ZOM Residential Services denies as

alleged the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.

ZOM Residential Services admits the allegations in Paragraph 8 of

Plaintiff's Complaint.

9.

ZOM Residential Services denies the allegations in Paragraph 9 of

Plaintiff's Complaint.

10.

ZOM Residential Services denies as alleged the allegations in Paragraph 10

of Plaintiff's Complaint.

11.

ZOM Residential Services denies as alleged the allegations in Paragraph 11

of Plaintiff's Complaint.

12.

ZOM Residential Services denies it owned the subject apartment complex

where the alleged incident occurred. ZOM Residential Services denies as alleged

the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

- 6 -

13.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 13 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

14.

ZOM Residential Services denies as alleged the allegation in Paragraph 14 of Plaintiff's Complaint that she was traveling on the designated sidewalk and fell into the sidewalk due to its condition of disrepair. ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

15.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

16.

ZOM Residential Services is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph

16 of Plaintiff's Complaint, and, therefore, at this time, ZOM Residential Services can neither admit nor deny same.

17.

ZOM Residential Services denies the allegations in Paragraph 17 of Plaintiff's Complaint, including subparagraphs "a" through "d".

18.

ZOM Residential Services denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

ZOM Residential Services denies it had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Upon information and belief, ZOM Residential Services denies the other Defendants had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. ZOM Residential Services is presently without sufficient knowledge or information to form a belief as to the truthfulness of the allegation in Paragraph 19 of Plaintiff's Complaint that the alleged condition was unknown to Plaintiff. ZOM Residential Services denies as alleged the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

ZOM Residential Services denies ZOM Residential Services should be responsible for any of the relief requested in the "**WHEREFORE**" clause of

- 8 -

Plaintiff's Complaint. All allegations of the Complaint not already expressly admitted, denied, or neither admitted nor denied based upon lack of information, are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, ZOM Residential Services prays that it be discharged without liability and all costs of this action be cast upon Plaintiff. ZOM RESIDENTIAL SERVICES DEMANDS A TWELVE PERSON JURY TRIAL for all issues appropriate for a jury to resolve.

This 26th day of May 2006.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
BRADLEY S. WOLFF
Georgia State Bar No. 773388
SCOTT M. WILLIAMSON
Georgia State Bar No. 764249
Attorneys for **Defendant**
**ZOM Residential Services, Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
Telephone: (404) 874-8800
Facsimile: (404) 888-6199

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and

foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF ZOM**

**RESIDENTIAL SERVICES, INC.** upon all parties to this matter by depositing a

true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel

of record as follows:

> Fred P. Anthony, Esq.
> Shilpa S. Masih, Esq.
> 5955 Jimmy Carter Boulevard – Suite 120
> Norcross, GA 30071

This _26th_ day of May 2006.

> SWIFT, CURRIE, MCGHEE & HIERS, LLP

By: _____

> SCOTT M. WILLIAMSON
> Georgia State Bar No. 764249
> Attorney for *Defendant*
> **ZOM Residential Services, Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
scott.williamson@swiftcurrie.com

1627926v.1