# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JANET HILL, | )( |
| | )( |
| Plaintiff, | )( |
| | )( CIVIL ACTION FILE |
| v. | )( |
| | )( NO. 2006-CV-115646 |
| | )( |
| PHOENIX LIFE INSURANCE CO., f/k/a | )( |
| PHOENIX HOME LIFE MUTUAL LIFE | )( |
| INSURANCE CO., HENDERSON | )( |
| GLOBAL INVESTORS, (NORTH | )( |
| AMERICA), INC. d/b/a STONEMILL | )( |
| APARTMENTS and ZOM RESIDENTIAL | )( |
| SERVICES, INC. d/b/a STONEMILL | )( |
| APARTMENTS, | )( |
| | )( |
| Defendants. | )( |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## HENDERSON GLOBAL INVESTORS (NORTH AMERICA) INC.

COMES NOW HENDERSON GLOBAL INVESTORS (NORTH AMERICA) INC. (incorrectly identified in the style of this case as "d/b/a Stonemill Apartments" and hereinafter also referred to as "Henderson Global Investors") and files this Answer and Defenses to Plaintiff's Complaint For Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff may have assumed the risk of any injuries she allegedly sustained and, if so, Plaintiff may not recover against Henderson Global Investors.

### THIRD DEFENSE

Henderson Global Investors breached no duty owed to Plaintiff and Plaintiff may not, therefore, recover any sums from Henderson Global Investors.

### FOURTH DEFENSE

At all times concerning the occurrence giving rise to this action, Plaintiff may not have been exercising ordinary care for her own safety, and, thus, Plaintiff may not be entitled to recover damages against Henderson Global Investors.

### FIFTH DEFENSE

If anyone was negligent, and Henderson Global Investors expressly denies that it was negligent in any respect whatsoever, Plaintiff may have been contributorily or comparatively negligent in a degree equal to or greater than any other alleged negligence, and, if so, Plaintiff is not entitled to recover anything from Henderson Global Investors.

### SIXTH DEFENSE

If anyone was negligent, and Henderson Global Investors expressly denies that it was negligent in any respect whatsoever, Plaintiff, in the exercise of ordinary care for her own safety, could and should have avoided the consequences of any such alleged negligence, and, therefore, Plaintiff is not entitled to recover anything.

### SEVENTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff allegedly sustained was due to the negligence of some person, persons, or entity other than Henderson Global Investors and, therefore, Plaintiff is not entitled to recover anything from Henderson Global Investors.

## EIGHTH DEFENSE

The sole proximate cause of any injury or damage Plaintiff allegedly sustained may have been Plaintiff's own negligence.

## NINTH DEFENSE

No act or omission on the part of Henderson Global Investors caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Henderson Global Investors.

## TENTH DEFENSE

Henderson Global Investors raises the defenses of insufficiency of service of process, improper venue, and lack of jurisdiction over the person.

## ELEVENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Henderson Global Investors responds as follows:

1.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 1 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

2.

Upon information and belief, Henderson Global Investors admits, on May 29, 2004, Phoenix Life Insurance Company owned the property at 2575 Delk Road, Marietta, Cobb County, Georgia, where the Stonemill Apartments were located. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to

the truthfulness of the remaining allegations in Paragraph 2 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

3.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 3 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

4.

Henderson Global Investors admits it is a corporation incorporated under the laws of the state of Delaware. Henderson Global Investors denies, on May 29, 2004, it owned and/or operated an apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors denies it is subject to the jurisdiction and venue of this Court.

5.

Henderson Global Investors admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

Henderson Global Investors denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.

Henderson Global Investors denies Defendant ZOM Residential Services, Inc., on May 29, 2004, owned the apartment complex known as Stonemill Apartments, located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors admits

Defendant ZOM Residential Services, Inc., on May 29, 2004, operated and managed the apartment complex known as Stonemill Apartments located at 2575 Delk Road, Marietta, Cobb County, Georgia. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 7 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

8.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 8 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

9.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 9 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

10.

Henderson Global Investors denies as alleged the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Henderson Global Investors denies as alleged the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Henderson Global Investors denies it owned or occupied the subject apartment complex where the alleged incident occurred. Henderson Global Investors denies as alleged the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 13 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

14.

Henderson Global Investors denies as alleged the allegation in Paragraph 14 of Plaintiff's Complaint that she was traveling on the designated sidewalk and fell into the sidewalk due to its condition of disrepair. Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

15.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same.

16.

Henderson Global Investors is currently without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in Paragraph 16 of Plaintiff's Complaint, and, therefore, at this time, Henderson Global Investors can neither admit nor deny same. The copy of Plaintiff's Complaint in the possession of Henderson Global Investors does not have an Exhibit "A" as is referred to in Paragraph 16 of Plaintiff's Complaint.

17.

Henderson Global Investors denies the allegations in Paragraph 17 of Plaintiff's Complaint, including subparagraphs "a" through "d".

18.

Henderson Global Investors denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Henderson Global Investors denies it had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Upon information and belief, Henderson Global Investors denies the other Defendants had superior knowledge to Plaintiff regarding the alleged property condition which allegedly caused Plaintiff to be injured in May 2004. Henderson Global Investors is presently without sufficient knowledge or information to form a belief as to the truthfulness of the allegation in Paragraph 19 of Plaintiff's Complaint that the alleged condition was unknown to Plaintiff. Henderson Global Investors denies as alleged the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

Henderson Global Investors denies Henderson Global Investors should be responsible for any of the relief requested in the "**WHEREFORE**" clause of Plaintiff's Complaint. All allegations of the Complaint not already expressly admitted, denied, or neither admitted nor denied based upon lack of information, are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Henderson Global Investors prays that it be discharged without liability and all costs of this action be cast upon Plaintiff. HENDERSON GLOBAL INVESTORS DEMANDS A TWELVE PERSON JURY TRIAL for all issues appropriate for a jury to resolve.

This 26th day of May 2006.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
BRADLEY S. WOLFF
Georgia State Bar No. 773388
SCOTT M. WILLIAMSON
Georgia State Bar No. 764249
Attorneys for **Defendant**
**Henderson Global Investors (North America), Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Scott.williamson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF HENDERSON GLOBAL INVESTORS** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Fred P. Anthony, Esq.
> Shilpa S. Masih, Esq.
> 5955 Jimmy Carter Boulevard – Suite 120
> Norcross, GA 30071

This 26th day of May 2006.

> SWIFT, CURRIE, MCGHEE & HIERS, LLP
>
> By: _____
> SCOTT M. WILLIAMSON
> Georgia State Bar No. 764249
> Attorney for *Defendant*
> **Henderson Global Investors (North America), Inc.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
scott.williamson@swiftcurrie.com

1627773v.1