**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JANET HILL, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | CIVIL ACTION FILE |
| v. | )( | |
| | )( | NO.  1-06-CV-1284-JEC |
| PHOENIX LIFE INSURANCE CO., f/k/a | )( | |
| PHOENIX HOME LIFE MUTUAL LIFE | )( | |
| INSURANCE CO., HENDERSON | )( | |
| GLOBAL INVESTORS, (NORTH | )( | |
| AMERICA), INC. d/b/a STONEMILL | )( | |
| APARTMENTS and ZOM RESIDENTIAL | )( | |
| SERVICES, INC. d/b/a STONEMILL | )( | |
| APARTMENTS, | )( | |
| | )( | |
| Defendants. | )( | |

## JOINT PRELIMINARY REPORT
## AND DISCOVERY PLAN

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

This is a personal injury action wherein Plaintiff alleges the negligence of

Defendants caused Plaintiff damages.  The Defendants deny they were negligent.

The Defendants further deny Plaintiff is entitled to recover any damages from the

Defendants.

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiff's Factual Account

In the early morning of May 29, 2004, the Plaintiff, Janet Hill, went to Stonemill Apartments, an apartment complex in Marietta, Georgia, where her sister Brenda Griffin was residing at the time.  She was meeting her sisters, mother and several nieces at this complex before getting on a plane to begin a pre-planned vacation in Florida.  After parking her car, the Plaintiff first went inside her sister's apartment.  Once Plaintiff's other sister Deborah arrived at the complex, Plaintiff started walking towards her car on a sidewalk.  The sidewalk was wet with rainwater.  As Plaintiff was walking on the sidewalk, she fell into a hole which apparently had been created by a collapsed section of the sidewalk.  As a result of the fall, Plaintiff suffered severe and disabling injuries, including a fracture of her left foot.

Plaintiffs contend that the Defendants, in their capacity as owners, occupiers, or managers of the subject property, had notice of the subject defect and hazard to the sidewalk, and failed to promptly repair this hazardous condition. Plaintiff seeks recovery of both special and general damages in this action.

<u>Defendant Phoenix Life's Factual Account</u>

During the relevant time period, Phoenix Life owned the property at issue.

Phoenix Life did not control the daily maintenance of the property.

Phoenix Life did not construct the property at issue.

In the week prior to the date of the alleged incident, Phoenix Life was not

notified of any defect in the property in the area where Plaintiff allegedly fell.

<u>Defendant Henderson Global Investor's Factual Account</u>

During the relevant time period, Henderson Global Investors was an

advisor/agent for Phoenix Life.  Henderson Global Investors did not control or

manage the daily maintenance or operation of the property.

<u>Defendant ZOM Residential Services Inc.'s Factual Account</u>

During the relevant time period, ZOM Residential Services, Inc. operated

and managed the property at issue.

Prior to May 29, 2004, ZOM Residential Services contracted with National

Restoration Contracting & Consulting (hereinafter also referred to as "NRCC") to

perform work in the general area where Plaintiff allegedly fell.  In performing this

work, NRCC damaged the sidewalk in the general area where Plaintiff allegedly

fell.  Prior to May 29, 2004, NRCC did not notify ZOM Residential Services of the

damage NRCC caused to the sidewalk.

(c)     The legal issues to be tried are as follows:

1.      Whether Phoenix Life was an out of possession landlord;

2.      Whether Henderson Global Investors owed a duty to Plaintiff;

3.      Whether the Defendants were negligent;

4.      Causation;

5.      Whether Plaintiff can recover damages from a Defendant, and, if so, in what amount;

6.      In the event there is a finding of negligence against a Defendant, whether Plaintiff was comparatively or contributorily negligent;

7.      Whether there was intervening negligence of a non-party which caused Plaintiff damages, and, if so, whether such intervening negligence supersedes the alleged negligence of the Defendants.

(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:  None.

(2)     Previously Adjudicated Related Cases:  None.

**2.      This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1)     Unusually large number of parties

_____ (2)     Unusually large number of claims or defenses

_____ (3)   Factual issues are exceptionally complex

_____ (4)   Greater than normal volume of evidence

__X__(5)   Extended discovery period is needed

__ __ (6)   Problems locating or preserving evidence

_____ (7)   Pending parallel investigations or action by

government

_____(8)   Multiple use of experts

_____ (9)   Need for discovery outside United States

boundaries

_____(10)   Existence of highly technical issues and proof.

**3.**   **Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

Plaintiff:  Fred P. Anthony, Esq.  Georgia Bar No. 020568, McMahan Law

Firm, 5955 Jimmy Carter Boulevard, Suite 120, Norcross, Georgia; 30071,

telephone number (770) 416-1501;

Defendants:  Scott M. Williamson, Esq. Georgia Bar No. 764249, Swift,

Currie, McGhee & Hiers, LLP, The Peachtree, Suite 300, 1355 Peachtree Street,

N.E., Atlanta, Georgia 30309. telephone number 404-874-8800;

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_Yes                    \_X\_\_ No.

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:   National Restoration Contracting & Consulting (hereinafter also referred to as "NRCC") may be a necessary party which has not been joined.

(b)     The following persons are improperly joined as parties:

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  Neither Hendrson Global Investors (North America) Inc. nor ZOM Residential Services, Inc. did business as Stonemill Apartments.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in Local Rule 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

A third-party Complaint may be filed against National Restoration Contracting & Consulting.

(b)    Amendments to the pleadings submitted LATER THAN (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN (30) DAYS after the preliminary statement is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1(A)(2).

(a)    Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     Summary Judgment Motions:  within (20) days after the close of

discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)     Other Limited Motions:  Refer to Local Rules 7.2; 7.2(B), and 7.2(E),

respectively, regarding filing limitations for motions pending on removal,

emergency motions, and motions for reconsideration.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.

R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state

the party and basis of the party's objection.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so,

please state the issues which could be addressed and the position of each party.

At this time, the parties do not request a scheduling conference with the

Court.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint.  As stated in Local Rule 26.2A,

responses to initiated discovery must be completed before the expiration of the

assigned period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will be needed on the issues of negligence, intervening negligence, causation, and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties may need six months to conduct discovery because each Defendant's corporate headquarters is outside Georgia and Plaintiff is not a Georgia resident. Also, assuming a third-party defendant is added to the case in the next thirty days, six months discovery will ensure the third-party defendant has adequate time to conduct discovery.

**11.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 15, 2006, and that they participated in settlement discussions.

(b)    All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:

(_____)                A possibility of settlement before discovery.

(__X__)                A possibility of settlement after discovery.

(_____)                A possibility of settlement, but a conference with the judge is

needed.

(____)                No possibility of settlement.

(c)    Counsel (___) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)    The following specific problems have created a hindrance to settlement of this case:

None.

**12.    Trial by Magistrate Judge:**

(a)    The parties (____) do consent to having this case tried before a magistrate judge of this Court.  A completed *Consent to Jurisdiction by a United States Magistrate Judge* form has been submitted to the Clerk of Court this ____ day of _____, 2006.

(b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.


  */s/ Fred P. Anthony* ___                         */s/ Scott M. Williamson* ___
Fred P. Anthony                                      Scott M. Williamson
Counsel for Plaintiff                               Counsel for Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Upon review of the information contained in the *Joint Preliminary Report and Discovery Plan* form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

_____

**IT IS SO ORDERED**, this ___ day of _____ 2006.

_____
THE HONORABLE JULIE E. CARNES
JUDGE, UNITED STATES DISTRICT
NORTHERN DISTRICT OF GEORGIA

1637573v.1